Robert JONES, a.k.a., Robert Brown, Petitioner,

v.

**DEPARTMENT OF CORRECTIONS,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 14, 1996.
Decided Sept. 24, 1996.

No appearance entered for Petitioner.

Jill C. Fluck, Harrisburg, for Respondent.

Before DOYLE and FLAHERTY, JJ.,and LORD, Senior Judge.

DOYLE, Judge.

Before this Court in its original jurisdiction is a preliminary objection by the respondent, the Department of Corrections (Department), to a petition for review filed by pro se petitioner, Robert Jones (AKA Robert Brown). Jones filed a petition for review in the nature of mandamus seeking an order to compel the Department to honor the commitment order of the Court of Common Pleas of Philadelphia County which granted him credit for time served from November 10, 1987 to April 21, 1988.

The relevant facts follow, as alleged by Jones and the Department. In November of 1981, Jones pled guilty to robbery in the Court of Common Pleas of Philadelphia County and was sentenced to eight (8) years to twenty (20) years. Jones began serving his sentence, but escaped from prison. While an escapee at large, Jones committed a robbery, and on April 20, 1988, Jones pled guilty to robbery (CP# 8712–0971) and to escape from furlough (CP# 8712–2480). On that same date, April 20, 1988, the court sentenced Jones for the robbery and escape charges to two eight (8) to twenty (20) year sentences, which were to run concurrently with each other with credit for time served from November 10, 1987 to April 21, 1988.[1]

Jones was imprisoned at S.C.I. Graterford, and thereafter, was transferred to S.C.I. Rockview, at which time the Department noticed that the precommitment credit for the time served appeared to be contrary to Pa.R.Crim. P. 1406(c), which provides in pertinent part:

> When, at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense or offenses, the instant sentence which the judge is imposing shall be deemed to commence from the date of imposition thereof unless the judge states that it shall commence from the date of expiration of such other sentence or sentences.

J.F. Mazurkiewioz, the superintendent of S.C.I. Rockview, sent a letter dated October 13, 1991 to Judge Albert Sheppard, Jr., the sentencing judge, addressing the precommitment error and requesting that Judge Sheppard amend the commitment papers removing the reference to time served. As a result, on November 12, 1991, Judge Sheppard prepared a modified commitment form, which only granted credit for time served from April 20, 1988 to November 12, 1991 (the period of time from the date of sentencing to the date of the modification of his sentence). Pursuant to the Court's "modified commitment order," the Department has not applied any precommitment credit to Jones' sentence.

■ Jones now petitions this Court to require the Department to give him credit for the *pre* commitment time served during the period of November 10, 1987 to April 21, 1988 alleging that it was a part of his plea agreement. The Department maintains that the original sentence was unlawful and that the trial court is permitted to correct an unlawful sentence at any time, as was done in this case, by the Court's November 12, 1991 "modified commitment order."

Recently this Court decided a similar case. In *Doxsey v. Pennsylvania Bureau of Corrections*, 674 A.2d 1173 (Pa.Cmwlth.1996), the petitioner, in 1991, was serving a sentence in the state of Maryland. On October 2, 1990, the Commonwealth of Pennsylvania lodged a detainer against him for a sexual

---

1. The trial court gave Jones credit for time served from November 10, 1987 to April 21, 1988; however, since Jones was sentenced on April 20, 1988, the ending date for the time served credit should have been April 20, 1988, which incidently is the date used in the "modi-

fied commitment order" dated November 15, 1989. This is not an issue in the case, but for the sake of consistency this Court will use the date of April 21, 1988. The result of our decision is not affected by this technical error.

offense, and sentenced him on August 26, 1991 to a five to ten year term in Pennsylvania. The sentencing judge ordered that his sentence run concurrently with the Maryland sentence with credit for time served as of October 2, 1990, the date the detainer was lodged by Pennsylvania. The Department refused to credit him for the time served. As a result, the petitioner filed a mandamus action in this Court, requesting that this Court compel the Department to credit the time served. The Department, in turn, filed preliminary objections.

This Court stated that Pa. R.Crim. P. 1406(c) clearly states that "a sentencing judge cannot direct that a sentence commence on a date prior to the date of sentencing when the defendant is serving time on an unrelated charge." *Doxsey,* 674 A.2d at 1175. We held that a writ of mandamus may not be used to compel the Department to calculate a sentence in direct contravention of the law, even where the sentencing order has done so. This Court elucidated:

> Mandamus will lie where there exists a right on behalf of the party seeking relief in mandamus. Thus, a writ of mandamus can be used to compel the Department of Corrections to compute *properly* a prisoner's prison sentence. No one, however, has a right, and this Court, indeed, lacks the authority, to compel an *illegal* act.

*Id.* at 1175. (Emphasis in original.) (Footnote omitted.)

Jones has requested this Court to compel the Department to give him credit for precommitment time served as the trial court had ordered. However, since Jones was incarcerated on November 10, 1987 pursuant to his previous 1981 sentence and was sentenced for the 1988 convictions on April 20, 1988, under Pa. R.Crim. P. 1406(c) and our holding in *Doxsey,* this Court may not compel the Department to credit the time period

of Jones' precommitment incarceration as time served for the 1988 convictions. However, as noted in *Doxsey,* Jones is not without recourse. He may seek relief from the sentencing court.

 Accordingly, we dismiss Jones' petition for review, and sustain the Department's preliminary objection.[2]

### ORDER

NOW, September 24, 1996, the petition for review in the above-captioned matter is hereby dismissed and the preliminary objection of the Department of Corrections is sustained.

---

**2.** We note that Judge Shepard's "modified commitment order" of November 12, 1991 has no bearing on the outcome of this case. Generally, a trial court may modify an order within thirty days of its entry, and any attempt to modify after that time will be a nullity. Section 5505 of the Judicial Code, 42 P.S. § 5505. However, patent or obvious mistakes in an order may be modified beyond the thirty day period. *Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970). Such an exception would not apply to the facts in this case for not only was the flaw in the original sentencing order a substantive legal error, but Judge Sheppard's "modified commitment order" was insufficient to remedy the error, since it was merely a commitment form and not an order signed by the Judge and entered into the docket. *See Commonwealth v. Isabell,* 503 Pa. 2, 467 A.2d 1287 (1983).