George A. SAUNDERS, Petitioner,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 3, 1999.

Decided April 5, 2000.

George A. Saunders, petitioner, pro se.

Mark E. Guzzi, Camp Hill, for respondent.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

Petitioner George Saunders, pro se, brings this action in the original jurisdiction of the Court seeking a writ of mandamus. Saunders seeks to compel the Department of Corrections (Respondent) to credit Saunders' current 5–to–10–year sentence with 2 years, 3 months and 11 days, pursuant to Section 9760 of the Sentencing Code, *as amended,* 42 Pa.C.S. § 9760. Respondent filed preliminary objections asserting that Saunders is not entitled to credit under Section 9760 and that he has failed to petition to the proper court to obtain relief.

Saunders is an inmate currently confined at the State Correctional Institute at Pittsburgh (SCI–Pittsburgh) on a conviction for aggravated assault. In December 1983, Saunders was sentenced to 1½ to 3 years of imprisonment for criminal attempt, and in January 1984 he was sentenced to 10 years' probation for aggravated assault. Both of these sentences were computed from July 18, 1983, and they ran concurrently. Saunders was paroled from the criminal attempt sentence after serving 2 years, 3 months and 11 days. Prior to expiration of the 10–year probation sentence for aggravated assault, Saunders' probation was revoked, and he was resentenced to serve a 5–to–10–year term of imprisonment. Respondent did not grant him a credit against the resentence for the 2 years, 3 months and 11 days served on the criminal attempt conviction. Saunders

asserts in this mandamus action that he is entitled to such credit.

I

Respondent raises the jurisdictional contention that Saunders inappropriately filed his case in the Commonwealth Court when he should have filed it in the original jurisdiction of the Superior Court.[1] The original jurisdiction of the Superior Court is established in Section 741 of the Judicial Code, 42 Pa.C.S. § 741, which states in part: "The Superior Court shall have no original jurisdiction, except in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction...." The Supreme Court held in *Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County,* 507 Pa. 194, 489 A.2d 1286 (1985), that this authority applies only in instances where an appeal has been lodged in the Superior Court, and it becomes necessary for the Superior Court to mandate or to prohibit action by a lower court in aid of the effective exercise of its appellate jurisdiction. Because no appeal is pending before the Superior Court in the present matter, it would lack jurisdiction pursuant to Section 741.

In this case Saunders seeks a writ of mandamus to modify Respondent's computation of Saunders' dates of confinement; he does not challenge the authority or discretion of the trial court to resentence him upon the revocation of his parole. Therefore, jurisdiction properly lies with the Commonwealth Court pursuant to Section 761(c) of the Judicial Code, *as amended,* 42 Pa.C.S. § 761(c). Section 761(c) provides in relevant part: "The Commonwealth Court shall have original jurisdiction in cases of mandamus ... to courts of inferior jurisdiction and other

1. In its preliminary objections Respondent asserted that the proper court for Saunders to petition would be the sentencing court, with appeal, if necessary, to the Superior Court.

In its brief in support of preliminary objections, Respondent argues that Saunders' claim is better suited to the Superior Court's original jurisdiction in mandamus.

government units where such relief is ancillary to matters within its appellate jurisdiction...."

In *Commonwealth ex rel. Unified Judicial System v. Vartan,* 674 A.2d 1156 (Pa. Cmwlth.1996), *rev'd on other grounds,* 557 Pa. 390, 733 A.2d 1258 (1999), the Court explained that pursuant to Sections 721 of the Judicial Code, 42 Pa.C.S. § 721, relating to the original jurisdiction of the Supreme Court, Section 741 and Section 761(c), only the Commonwealth Court has authority to issue writs of mandamus or prohibition to "other government units" apart from courts, including administrative agencies. This Court has routinely entertained petitions for review in the nature of complaints in mandamus seeking orders to compel Respondent or its predecessor to honor particular sentencing orders. *See Doxsey v. Pennsylvania Bureau of Corrections,* 674 A.2d 1173 (Pa.Cmwlth.1996) (considering petitioner's action in mandamus seeking an order to the corrections authorities to credit time served pursuant to a trial court's sentencing order); *Jones v. Department of Corrections,* 683 A.2d 340 (Pa.Cmwlth.1996) (same); *Brown v. Department of Corrections,* 686 A.2d 919 (Pa. Cmwlth.1996) (same).

II

Respondent next argues that Saunders' time spent in custody for criminal attempt cannot be credited toward his aggravated assault charge because the time served was for criminal attempt and not for aggravated assault. Respondent cites Section 9760, which provides in part:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based....

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts....

According to Respondent, Saunders was not "in custody as a result of" the aggravated assault charge under Section 9760(1) but was only on probation for that conviction while serving time for criminal attempt. Additionally, Respondent contends that pursuant to Section 9760(2), Saunders was not "reprosecuted and resentenced" for aggravated assault, but his probation was merely revoked and a 5–to–10–year prison sentence was imposed.

The rule governing probation revocation is provided in Section 9771(b) of the Sentencing Code, 42 Pa.C.S. § 9771(b), which states:

The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

In *Commonwealth v. Ware,* 737 A.2d 251 (Pa.Super.), *appeal denied,* —— Pa. ——, 747 A.2d 900 (1999), the Superior Court held that upon revocation of probation, a sentencing court has the same sentencing alternatives that it had at the time of initial sentencing.

Saunders cites *Commonwealth v. Williams,* 443 Pa.Super. 479, 662 A.2d 658 (1995), in which the appellant pled guilty to attempted theft by unlawful taking and was sentenced to 11½ to 23 months of imprisonment and a consecutive term of 3 years' probation. The appellant was paroled after serving the minimum sentence; he violated that parole when he was convicted of new crimes. The appellant's parole was revoked, and he served the remainder of his maximum prison sentence of 23 months. After finishing this term, the appellant was placed on probation pursuant to the original sentence, but his pro-

bation was revoked following his conviction for involuntary manslaughter. Finally, the appellant was sentenced to 3½ to 7 years of imprisonment for his original attempted theft by unlawful taking, and he argued that he deserved credit for the 23 months that he had already served. The court agreed and held that pursuant to Section 9760(1), the appellant must be credited with the time served under the original sentence.

In *Wassell v. Pennsylvania Board of Probation and Parole*, 658 A.2d 466 (Pa. Cmwlth.1995), the petitioner was incarcerated at the SCI—Pittsburgh when he was released on parole. Soon thereafter, in October 1991, he was arrested for burglary. In June 1992 the petitioner was again arrested for burglary. The petitioner pled guilty to the October 1991 charge and was sentenced to 3 concurrent terms of 18—36 months with credit for time served. In October 1993 the petitioner pled guilty to the June 1992 burglary charge and was sentenced to 21—42 months' imprisonment. The petitioner petitioned the Court for a writ of mandamus to receive credit on the October 1993 sentence for time served while awaiting that sentence. The petitioner was incarcerated on the June 1992 sentence while awaiting imposition of the October 1993 sentence. The Court held that Section 9760 did not apply because the petitioner sought credit for time he served on an unrelated charge. The Court left open the issue of whether a petitioner is entitled to credit for time served on a related charge; a review of case law demonstrates that the precise issue presented in this case has not yet been settled.

■ The Court may issue a writ of mandamus to compel the performance of a mandatory duty or a ministerial act only where (1) the petitioner has a clear legal right to enforce the performance of the act, (2) the defendant has a corresponding duty to perform the act and (3) the petitioner has no other adequate or appropriate remedy. *Brown.* Mandamus will lie where there exists a right on behalf of the party seeking relief in mandamus. Thus a writ of mandamus may be used to compel the Department of Corrections to compute a prisoner's sentence properly. *Jones.* However, the Court does not believe that Saunders has presented a clear legal right in this Court; in addition, he does have another adequate remedy. Saunders may seek relief from the sentencing court.

■ In *Jones* the Court concluded that enforcing an original sentencing order, which the trial court later modified, would require granting a precommitment credit in direct contravention of the law, and the Court dismissed the petition for a writ of mandamus. The Court noted, however, that the petitioner was not without recourse because he could seek relief from the sentencing court. Similarly, the Court concludes here that ordering the credit that Saunders seeks would be contrary to the provision of Section 9771(b) of the Sentencing Code absent express case or statutory authority or a direct order from the sentencing court granting the credit that Saunders requests. *See Commonwealth v. Byrd,* 444 Pa.Super. 86, 663 A.2d 229 (1995).

Saunders may seek relief from the sentencing court if he can show that the court's intent was to credit Saunders for the period of his confinement after giving due consideration to the time that he served on the concurrent 10-year probation sentence. *See Jones* (noting that the sentencing court may afford relief at any time where it has issued an illegal or erroneous sentence); *see also* Section 9771(b). Accordingly, the preliminary objections filed by Respondent are sustained, and the petition for review filed by Saunders is dismissed.

### O R D E R

AND NOW, this 5th day of April, 2000, the preliminary objections filed by Respondent Department of Corrections are sus-

tained, and the petition for review filed by Petitioner George Saunders is dismissed.