# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin D. Rocktaschel, : 
: 
: No. 311 M.D. 2014
                Petitioner : Submitted: October 2, 2015
: 
       v. : 
: 
Commonwealth of Pennsylvania, : 
: 
            Respondent : 

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN             FILED: December 29, 2015

Before this court is Kevin D. Rocktaschel's petition for review, filed in this court's original jurisdiction, seeking a writ of mandamus to compel the Pennsylvania State Police (PSP) to change his sex offender registration status and remove his name from the PSP sex offender registry. PSP has filed an application for summary relief, and Rocktaschel has filed a cross-application for summary relief. For the following reasons, we grant PSP's application, deny Rocktaschel's cross-application, and dismiss Rocktaschel's petition for review.

On January 12, 2005, while living in the State of New York, Rocktaschel entered a negotiated guilty plea to one count of sexual misconduct under New York

Penal Law §130.20(1)[1] and was sentenced to six years' probation. As a result of this conviction, Rocktaschel was required to register as a Level 1 sex offender in New York for 10 years, beginning in 2005. In 2006, the New York Legislature changed the registration obligation for Rocktaschel's offense to 20 years.

In September 2011, Rocktaschel moved to the Commonwealth of Pennsylvania. On September 8, 2011, Rocktaschel registered as a sex offender in Pennsylvania under the act formerly known as Megan's Law III.[2] When Megan's Law III expired and what is commonly known as the Sexual Offender Registration and Notification Act (SORNA)[3] took effect on December 20, 2012, Rocktaschel had approximately 14 years remaining on his New York registration obligation. PSP classified Rocktaschel as a Tier III offender under SORNA, requiring lifetime registration.[4]

In June 2014, Rocktaschel filed a petition for review, alleging that: (1) PSP improperly classified him as a Tier III offender under SORNA; and (2) he is not required to register under SORNA because his New York conviction is not

---

[1] New York Penal Law §130.20(1) provides that "[a] person is guilty of sexual misconduct when . . . [h]e or she engages in sexual intercourse with another person without such person's consent."

[2] Former Sections 9791-9799.9 of the Sentencing Code, 42 Pa. C.S. §§9791-9799.9.

[3] 42 Pa. C.S. §§9799.10-9799.41.

[4] Section 9799.14 of SORNA, 42 Pa. C.S. §9799.14, establishes a three-tiered system of specifically enumerated offenses requiring registration for differing lengths of time. Under section 9799.15(a) of SORNA, a Tier I offender must register for 15 years; a Tier II offender must register for 25 years; and a Tier III offender must register for the remainder of his or her life. 42 Pa. C.S. §9799.15(a)(1)-(3).

2

similar to any Pennsylvania predicate offense. Rocktaschel seeks a writ of mandamus to compel PSP to reclassify his offense and remove him from the sex offender registry.[5] In response, PSP filed an application for summary relief, asserting that Rocktaschel has failed to establish a clear right to mandamus relief. Rocktaschel has also filed a cross-application for summary relief.[6]

In his petition for review, Rocktaschel first argues that PSP improperly classified him as a Tier III offender under SORNA, which requires lifetime registration. PSP agreed with Rocktaschel and subsequently re-classified him as a Tier I offender, which requires him to register for the same length of time as he was required to register in New York. *See* 42 Pa. C.S. §9799.14(b)(23) (classifying as a Tier I offense "[a] conviction for a sexual offense in another jurisdiction . . . that is not set forth in this section, but nevertheless requires registration under a sexual offender statute in the [other] jurisdiction"); 42 Pa. C.S. §9799.15(a)(1) (mandating 15 years' registration for Tier I offenders, except those identified in section 9799.14(b)(23) of SORNA). Therefore, because PSP has rectified its classification error, Rocktaschel is not entitled to mandamus relief on this claim.

---

[5] Mandamus is an extraordinary remedy designed to compel the official performance of a ministerial act or mandatory duty. Mandamus will lie "only where (1) the petitioner has a clear legal right to enforce the performance of the act, (2) the defendant has a corresponding duty to perform the act[,] and (3) the petitioner has no other adequate or appropriate remedy." *Saunders v. Department of Corrections*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000).

[6] This court may grant summary relief if the moving party's right to judgment is clear and no material issues of fact are in dispute. *A.S. v. Pennsylvania State Police*, 87 A.3d 914, 915 n.2 (Pa. Cmwlth. 2014) (*en banc*); *see* Pa. R.A.P. 1532(b).

Next, Rocktaschel argues that he is not required to register under SORNA because his New York conviction is not similar to any Pennsylvania predicate offense. Rocktaschel contends that his New York conviction is akin to the offense of statutory sexual assault under section 3122.1(a)(2) of the Crimes Code, 18 Pa. C.S. §3122.1(a)(2),[7] which is not a predicate offense under SORNA. Even if Rocktaschel were correct, he is not absolved from registration under SORNA.

Under Megan's Law III, which was in effect when Rocktaschel moved to Pennsylvania in 2011, Rocktaschel was required to register in Pennsylvania because he was convicted of an offense that required him to register as a sex offender in his originating jurisdiction. *See* Former 42 Pa. C.S. §9795.2(b)(4).[8] Rocktaschel concedes that he was required to register in Pennsylvania when he moved here in 2011. (Cross-Appl. for Summ. Relief, ¶ 14.)

---

[7] Section 3122.1(a)(2) of the Crimes Code states that "a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant to whom the person is not married who is under the age of 16 years and that person is . . . eight years older but less than 11 years older than the complainant." 18 Pa. C.S. §3122.1(a)(2).

[8] Section 9795.2(b)(4) of Megan's Law III provided:

An individual who resides . . . in this Commonwealth and who has been convicted of or sentenced by a court . . . for a sexually violent offense or a similar offense under the laws of . . . another state . . . *or who was required to register under a sexual offender statute in the jurisdiction where convicted [or] sentenced . . . shall register* at an approved registration site within 48 hours of the individual's arrival in this Commonwealth.

Former 42 Pa. C.S. §9795.2(b)(4) (emphasis added); *see also* Former 42 Pa. C.S. §9795.2(b)(4)(iv) & (v) (stating that a person subject to sex offender notification in another jurisdiction "shall be subject to this subchapter for a period of time equal to the time for which the individual was required to register in the other jurisdiction").

Consequently, when SORNA took effect in 2012, Rocktaschel was still required to register in Pennsylvania because he had not yet completed his 20-year registration obligation. *See* 42 Pa. C.S. §9799.13(3)(i) (stating that SORNA applies to individuals who were required to register with PSP before December 20, 2012, and who did not complete their registration requirements by December 20, 2012). Therefore, SORNA mandates Rocktaschel's registration because he was convicted of an offense requiring registration in New York and did not complete his registration obligation by the time SORNA took effect.

Rocktaschel also argues that SORNA violates the equal protection clause of the Fourteenth Amendment to the United States Constitution as applied to him.[9] Rocktaschel vaguely asserts that SORNA treats out-of-state offenders differently than Pennsylvania offenders by requiring out-of-state offenders to register regardless of whether their offense is equivalent to a Pennsylvania predicate offense. As discussed, *supra*, Rocktaschel is required to register under SORNA because he did not complete his prior registration obligation as of December 20, 2012. *See* 42 Pa. C.S. §9799.13(3)(i). In this regard, Rocktaschel was treated in the same manner as any other Pennsylvania offender whose registration requirement was not completed by December 20, 2012. SORNA did not impose a new or different registration requirement on Rocktaschel based on his out-of-state conviction; rather, SORNA mandated that he complete his original out-of-state registration obligation. 42 Pa.

---

[9] "[A] law is presumed to be constitutional and may only be found to be unconstitutional if the party challenging the law can prove that it 'clearly, palpably, and plainly' violates the Constitution." *Nixon v. Department of Public Welfare*, 839 A.2d 277, 286 (Pa. 2003) (citation omitted).

C.S. §§9799.14(b)(23), 9799.15(a)(1). We agree with PSP that Rocktaschel has failed to sufficiently allege an equal protection violation.

Finally, in his cross-application for summary relief, Rocktaschel asserts that he is not required to register under SORNA because he was on probation between January 23, 2005, and December 19, 2012, for an offense equivalent to the Pennsylvania crime of statutory sexual assault. Section 9799.13(3.1) of SORNA provides that a person who was convicted of statutory sexual assault under section 3122.1 of the Crimes Code, 18 Pa. C.S. §3122.1, and who was on probation in Pennsylvania between January 23, 2005, and December 19, 2012, is not required to register. 42 Pa. C.S. §9799.13(3.1)(i)(C) and (ii)(A)(I). Rocktaschel, however, was not convicted of the Pennsylvania crime of statutory sexual assault, so this provision is not applicable. Rocktaschel was convicted of a sexual offense in New York that required his registration for 20 years in New York. Thus, as Rocktaschel admits, he was required to register in Pennsylvania when he moved here in 2011. (*See* Cross-Appl. for Summ. Relief, ¶ 14.) Because Rocktaschel did not complete his registration obligation by December 20, 2012, he is required to register under section 9799.13(3)(i) of SORNA, 42 Pa. C.S. §9799.13(3)(i).

Accordingly, because Rocktaschel has failed to establish a clear legal right to relief, we grant PSP's application for summary relief, deny Rocktaschel's cross-application for summary relief, and dismiss his petition for review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin D. Rocktaschel,      :
     :
     : No. 311 M.D. 2014
         Petitioner      :
     :
         v.      :
     :
Commonwealth of Pennsylvania,      :
     :
         Respondent      :

## O R D E R

AND NOW, this 29th day of December, 2015, we hereby grant the Pennsylvania State Police's application for summary relief, deny Kevin D. Rocktaschel's cross-application for summary relief, and dismiss Rocktaschel's petition for review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge