IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Harvey aka                          :
Eric Elrod,                                :
                    Petitioner             :
                                           :
          v.                               :          No. 541 M.D. 2019
                                           :          Submitted: March 6, 2020
Department of Corrections,                 :
John Wetzel, Superintendent,               :
Kevin Ransom, Records Room                 :
Supervisor of the State Correctional       :
Institute at Dallas, Pennsylvania,         :
and Christopher Thomas, Director of        :
CMR/PPS,                                   :
                    Respondents            :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                              FILED:  May 12, 2020


          Before this Court are the Preliminary Objections (Objections) filed by

Respondents[1] on October 24, 2019, in response to *pro se* Petitioner Norman Harvey

aka Eric Elrod's Petition for Review (Petition).  Petitioner argues that he is entitled

to mandamus relief and should receive credit for time served in the amount of 45

months.   Respondents counter that the credit sought was applied to different

sentences served by Petitioner.  Respondents also contend that Petitioner is not

---

[1] Respondents include: the Department of Corrections (DOC); John Wetzel, DOC Superintendent; Kevin Ransom, Records Room Supervisor for the State Correctional Institution at Dallas, Pennsylvania (SCI-Dallas); and Christopher Thomas, Director of CMR/PPS.

entitled to the specific credit sought where the order of the sentencing court did not specify a number of days or dates to be granted against Petitioner's sentence. We sustain the Objections.

## I. Background

Petitioner is currently incarcerated at SCI-Dallas for a violation of parole sentence. The Petition in the present case originates from Petitioner's three separate criminal charges and subsequent sentences. First, on 12/01/2010, Petitioner was arrested on case #CP-51-CR-00057-2011 (case 057). Petitioner posted the associated bail on 12/23/2010; however, bail was raised on 09/30/2011. As a result, from 09/30/2011 to 05/16/2014, Petitioner was in prison for case 057 while awaiting sentencing. On 05/16/2014, Petitioner was sentenced to one and one half to three years in prison on Count 3 and to seven years of probation on Count 2 in case 057. Resp't's' Br. at 5.

Next, while awaiting sentencing on case 057, Petitioner was arrested on 07/01/2011 for #CP-51-CR-00011460-2011 (case 11460) and charged with robbery, conspiracy, and related offenses. On 09/07/2014, Petitioner completed his sentence for case 057. After completing his sentence for case 057, Petitioner was out of prison pending his sentencing for case 11460. Petitioner was sentenced on 03/30/2015 for case 11460 to 11 ½ to 23 months in prison and to 8 years of probation on Count 19 and to 10 years of probation on Counts 18, 26, and 27. Resp't's' Br. at 5-6.

Finally, following his sentence for case 11460, Petitioner was arrested for case #CP-51-CR-0005198-2015 (case 5198) on 06/22/2015. Petitioner was sentenced on 04/19/2016 to 10 to 23 months in prison. As a result of his arrest for case 5198, Petitioner was also sentenced to 6 to 23 months in prison for violation of

2

parole associated with case 057 on 05/09/2016 and to 10 to 23 months in prison for violation of parole associated with case 11460 on 07/22/2016. Resp't's' Br. at 6.

Petitioner challenges the application of pre-sentence credit and the calculation of his minimum and maximum sentence dates by Respondents. Petitioner claims that he is entitled to pre-sentence credit from 06/29/2011 to 03/30/2015; 06/23/2015 to 04/19/2016; and 04/20/2016 to 07/22/2016. Pet'r's Br. at 10; Resp't's' Br. at 6-7. Petitioner requests that the pre-sentence credit for the aforementioned time frames be applied toward case 11460. Prel. Obj. No. 4. Petitioner asserts that the denial of credit for time served during these time frames violates 42 Pa. C.S. §9760, relating to credit for time served. Pet'r's Petition, Material Fact No. 4.

Respondents contend that Petitioner is not entitled to credit for time served because the time in question was already applied to Petitioner's various sentences. Prel. Obj. Nos. 28-32. Additionally, Respondents assert that while Petitioner requests credit for time served from 06/29/2011 to 06/30/2011, Petitioner's arrest date was 07/01/2011 for case 11460. Prel. Obj., Ex. B at 2. Although Petitioner asserts that he is entitled to receive 45 months of credit for time served, Respondents awarded Petitioner with 58 months of credit for time served in excess of the amount requested in the present Petition. Pet'r's Br. at 9; Resp't's' Br. at 6-7. Therefore, as the burden for demonstrating the need for a writ of mandamus is high and Petitioner's arguments — per Respondents — are inapplicable, Respondents move for demurrer.

## II.    Discussion

## A. Writ of Mandamus

Petitioner requests a writ of mandamus granting credit for time served. Credit for time served shall be granted under the guidance of 42 Pa. C.S. §9760. Petitioner specifically cites 42 Pa. C.S. §9760 (1) and (3) in support of his Petition.[2,3]

The present case involves a challenge to sentencing computation and subsequent application of time served to Petitioner's present sentence. "[This] Court may issue a writ of mandamus to compel the performance of a mandatory duty or a ministerial act only where (1) the petitioner has a clear legal right to enforce the performance of the act, (2) the defendant has a corresponding duty to perform the act and (3) the petitioner has no other adequate or appropriate remedy." *Saunders v. Dep't of Corr.*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000). Therefore, a writ of mandamus may be used to compel the DOC to compute a prisoner's sentence properly. *Id.*

### 1.  Legal Right to Enforce Performance

First, this Court will consider whether Petitioner has a legal right to enforce the performance of an amended computation of his credit for time served by

---

[2] 42 Pa. C.S. §9760(1) states: "Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." 42 Pa.C.S. §9760(1).

[3] 42 Pa. C.S. §9760(3) states: "If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based." 42 Pa.C.S. §9760(3).

the DOC. Petitioner claims that he is owed credit for time served in the amount of 45 months, inclusive of the time periods from 06/29/2011 to 03/30/2015; 06/23/2015 to 04/19/2016; and 04/20/2016 to 07/22/2016. Pet'r's Br. at 9-10; Resp't's' Br. at 6-7. Respondents counter this assertion by stating that all credit for time served has previously been applied to one of Petitioner's three sentences. In total, Respondents previously granted Petitioner 58 months of credit for time served. Resp't's' Br. at 6-7.

Specifically, Respondents object to Petitioner's right to relief via a writ of mandamus because the sentencing court only ordered credit for time served. Under objection of Respondents, this sentencing does not entitle Petitioner to the specific credit sought. The order of the sentencing court did not specify a number of days or dates for which Petitioner should be credited. Resp't's' Br. at 9.

Petitioner contends that because the sentencing court did not specify the number of days or dates for credit, Petitioner is entitled to the requested credit. Petitioner cites the statement of the sentencing judge, The Honorable Charles J. Cunningham, at the 07/22/2016 sentencing hearing for case 11460 as evidence of this conclusion. Judge Cunningham stated, "He'll get credit for time served." Pet'r's Petition, Material Fact No. 20.

A writ of mandamus cannot be used to challenge the DOC's failure to give credit where the sentencing order is either ambiguous or does not provide the credit at issue. *Canfield v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 585 M.D. 2016,

5

filed August 11, 2017).[4]  Mandamus is an appropriate remedy to correct an error in the DOC's computation of maximum and minimum sentencing dates where the sentencing order clearly gives the inmate credit for the time period in question and the DOC's computation does not comply with that credit.  *Id.*  If ambiguity is not present and a DOC computation is in compliance with a sentencing order, then the requirements for a writ of mandamus cannot be satisfied.  *Id.*  The inmate has no clear right to relief and has an adequate and more appropriate alternative remedy in seeking modification or clarification of sentencing in the sentencing court.  *Id.*

Petitioner claims that because the sentencing court did not specify an amount of time to be credited for time served, he is entitled to the credit that he requests.  However, this runs contrary to previous holdings of this Court and its prevailing rationale regarding computation of time served.  In the present case, the sentencing order did not clearly describe a time period for which credit was to be granted to Petitioner.  Therefore, in not providing Petitioner with the specific credit that he seeks, Respondents were not committing a computation error.  As a result, Petitioner does not meet the burden required to grant a writ of mandamus.

Also crucial to this discussion is the fact that Petitioner has been credited with time served which was counted towards the remaining time on his three sentences.  Petitioner received pre-sentence credit from 07/01/2011 to 09/29/2011 toward his sentence associated with case 11460.  Resp't's' Br. at 6.  Petitioner also received pre-sentence credit from 09/30/2011 to 09/07/2014 which was counted toward Petitioner's sentence for case 057.  *Id.*  Pre-sentence credit from 09/08/2014

---

[4] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

to 03/30/2015 was applied to Petitioner's sentence for case 11460. *Id.* Petitioner then received credit from 06/23/2015 to 04/19/2016 that was counted toward his sentence for case 5198. *Id.* at 7. Finally, Petitioner received credit from 04/22/2016 to 07/22/2016 toward his sentence for violation of parole for case 057. *Id.*

In total, the above periods of time amount to 1,763 days, or 58 months, of pre-sentence credit. Resp't's' Br. at 6-7. Petitioner requests pre-sentence credit for the outlined time periods in a total amount of 45 months. Pet'r's Br. at 9. In reviewing the record of credit applied to time served, Respondents have provided Petitioner with 58 months of pre-sentence credit, an amount in excess of what Petitioner requests. Resp't's' Br. at 6-7. While Petitioner requests pre-sentence credit for allegedly uncredited time, the record shows that Petitioner already received credit for time served for the requested time frames.[5]

Therefore, while Respondents did not err in appropriately enforcing the ambiguous sentencing order from the sentencing court, Respondents also previously provided Petitioner with the credit sought in this matter. If Petitioner was already granted the pre-sentence credit that is the subject of this discussion, then Petitioner does not have a right to relief to warrant a writ for mandamus. Because a writ of mandamus is issued to enforce existing rights, not to establish new rights, it would be inappropriate to grant Petitioner a writ of mandamus. *See Africa v. Horn*, 701 A.2d 273 (Pa. Cmwlth. 1997). To issue a writ of mandamus under these circumstances would incorrectly establish new rights. *Id.*

---

[5] As previously discussed, Petitioner requests credit for time served from 06/29/2011 to 06/30/2011. Petitioner misstated the timeline of events. The record confirms that Petitioner's arrest date was 07/01/2011 for case 11460. Therefore, Petitioner is not entitled to credit for these two days prior to his arrest. Prel. Obj., Ex. B at 2.

7

## 2. Duty to Perform

A petitioner for a writ of mandamus to compel performance of an act must also establish that the respondent has a corresponding duty to perform the act. *Saunders v. Pa. Dep't of Corr.*, 749 A.2d at 556. Petitioner correctly identifies that Respondents have a duty to follow the sentencing court's order. Pet'r's Br. at 9. Citing *Oakman v. Department of Corrections*, 903 A.2d 106 (Pa. Cmwlth. 2006), Petitioner contends that his case presents a parallel issue. In *Oakman*, the DOC

> boldly argue[d] that [petitioner] d[id] not have a clear right to mandamus because that right was negated when … the Director of Classification, Movement & Registration of the Philadelphia Prison System, decided that the sentencing judge incorrectly gave [petitioner] credit for time serve[d] because he provides sentencing information and has "the same force and effect as if coming from a judge."

*Id.* at 108.

However, in contrast, the present case does not involve Respondents who presume to disregard or amend the sentencing order of the sentencing court. Respondents acknowledge that under *Oakman*, they have a duty to follow the sentencing court's order. Resp't's' Br. at 11. This duty includes implementing the order without alteration. *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127 (Pa. 2005).

If Respondents were to award pre-sentence credit for time served in the amount that Petitioner requests, Respondents would effectively alter the sentencing order of the sentencing court. Judge Cunningham of the sentencing court explained at trial, "He'll get credit for time served." Pet'r's Petition, Material Fact No. 20.

While this sentencing order is not a precise directive and does not assign an exact amount or time frames to be credited to Petitioner for time served, Respondents have the responsibility of effectuating the order as written.

Both Petitioner and Respondents agree that Respondents have a duty to enforce the sentencing order of the sentencing court. Petitioner would have this Court compel Respondents to enforce the sentencing order to require a pre-sentence credit for time served in the amount of 45 months without regard for the previous application of credit to Petitioner's sentences. Petitioner is not entitled to double credit. *Taglienti v. Dep't of Corr.*, 806 A.2d 988 (Pa. Cmwlth. 2002). Petitioner has served multiple sentences and the pre-sentence credit in question was previously applied to those sentences. Resp't's' Br. at 10. As a result, to award the requested pre-sentence credit would cause Respondents to incorrectly provide Petitioner with double credit for time served. Respondents do not have a duty to construe the sentencing order of the sentencing court in this inappropriate manner.

### 3. No Other Adequate or Appropriate Remedy

A petitioner requesting the granting of a writ of mandamus must, finally, demonstrate that no other adequate or appropriate remedy exists. *Saunders*, 749 A.2d at 556. Neither Petitioner nor Respondents addressed this prong in their analysis, and this Court has previously held that in cases involving the computation of pre-sentence credit, seeking modification or clarification of sentencing in the sentencing court is a petitioner's most appropriate course of relief. *Canfield*. While Petitioner did not seek more appropriate options for remedy — such as modification

9

or clarification — in a timely manner, this inaction does not compel this Court to provide Petitioner with relief in the form of a writ of mandamus.[6]

Petitioner did not meet his burden of establishing that he has a legal right to enforce performance of the act of granting pre-sentence credit in the requested amount and that Respondents had a duty to perform this act. Therefore, this Court need not engage in further analysis of whether an alternative adequate or appropriate remedy to a writ of mandamus exists. As Petitioner did not demonstrate the compelling necessity for the granting of a writ of mandamus by this Court, we sustain the Objections submitted by Respondents and dismiss the Petition.

_____
J. ANDREW CROMPTON, Judge

---

[6] 42 Pa. C.S. § 5505 states: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. In the present case, Petitioner had 30 days from 07/22/2016, his sentencing date, to request modification of Judge Cunningham's sentence. Because Petitioner did not pursue this option in a timely manner, Petitioner is now precluded from making this request. Therefore, while this Court cites to recommendations for clarification or modification in its present decision, these alternatives are provided exclusively for illustrative purposes to further demonstrate that granting a writ of mandamus would be inappropriate under the circumstances of the present case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Harvey aka               :
Eric Elrod,                        :
              Petitioner      :
                              :
            v.                  :      No. 541 M.D. 2019
                              :
Department of Corrections,    :
John Wetzel, Superintendent,   :
Kevin Ransom, Records Room   :
Supervisor of the State Correctional :
Institute at Dallas, Pennsylvania,  :
and Christopher Thomas, Director of :
CMR/PPS,                   :
              Respondents   :

# **O R D E R**

**AND NOW**, this 12th day of May 2020, we **SUSTAIN** the **P**reliminary Objections of Respondents and **DISMISS** Petitioner's Petition for Review.

 

_____
J. ANDREW CROMPTON, Judge