# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alonzo Wallace,                            :
                        Petitioner         :
                                           :
            v.                             :    No. 552 M.D. 2019
                                           :    Submitted: February 21, 2020
Commonwealth of Pennsylvania,              :
PA Department of Corrections,              :
                        Respondent         :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                              FILED:  May 12, 2020


Before this Court in our original jurisdiction are the preliminary objections of the Department of Corrections (DOC) to a petition for review in the nature of mandamus (Petition) filed by inmate Alonzo Wallace (Wallace), *pro se*. Wallace asks this Court to direct DOC to recalculate his prison sentence.[1]  For the reasons below, we overrule DOC's preliminary objections.

---

[1] "Where a trial court's sentencing order is legal on its face . . . a prisoner may petition this Court in our original jurisdiction seeking a writ of mandamus to compel [DOC] to properly compute a prisoner's prison sentence." *Barndt v. Dep't of Corr.*, 902 A.2d 589, 598 (Pa. Cmwlth. 2006); *see also Doxsey v. Cmwlth.*, 674 A.2d 1173 (Pa. Cmwlth. 1996).  This Court has held that because a sentence imposed by a trial court involves no discretion on the part of the DOC, mandamus may be used to compel the DOC to compute a prisoner's sentence properly. *Saunders v. Dep't of Corr.*, 749 A.2d 553 (Pa. Cmwlth. 2000).  In the present case, Wallace did not attach a copy of the sentencing order to his Petition, nor does he appear to challenge same.

Wallace is an inmate who is currently incarcerated at the State Correctional Institution at Mahanoy (SCI-Mahanoy). Wallace was convicted of robbery and burglary in the Philadelphia County Court of Common Pleas at No. CP-9668-2015 and sentenced to an aggregate term of five (5) to fifteen (15) years in prison. Wallace's minimum term expiration date was determined to be November 25, 2022, and his maximum term expiration date was determined to be November 25, 2032. Wallace was previously serving a sentence of three (3) to six (6) years by the Philadelphia County Court of Common Pleas at No. CP-2376-2010, with a maximum expiration date of February 23, 2016. However, he was released on parole, arrested on the most recent criminal charges on or about July 18, 2015, and returned to custody as a convicted parole violator on May 26, 2017.

Wallace contends that DOC miscalculated his sentence, alleging that the effective date of his current sentence should be February 23, 2016, the date his previous sentence expired, rather than November 25, 2017, as calculated by DOC. In support of his contention, Wallace provides the "Sentence Status Summary – DC16E" from DOC in regard to both his recent and former convictions. *See* Pet. for Review, Exhibits A & B (Exhibit A is form DC16E dated August 21, 2019; Exhibit B is form DC16E dated July 31, 2017).

DOC demurs to Wallace's Petition based on its assertion that Wallace has not pleaded facts showing he has a clear right to relief. Citing *Finn v. Rendell*, 990 A.2d 100 (Pa. Cmwlth. 2010), DOC states that "[Wallace] has asked this Court to compel the [DOC] to recalculate the structure of his sentences. The Petition therefore sounds in mandamus, as sovereign immunity bars all actions other than

2

mandamus where a party seeks to compel Commonwealth agencies or employees to act." Resp't's Br. at 9. Quoting *Saunders v. Department of Corrections*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000), DOC asserts mandamus only lies where "(1) the petitioner has a clear legal right to enforce the performance of the act, (2) the [respondent] has a corresponding duty to perform the act and (3) the petitioner has no other adequate or appropriate remedy." Resp't's Br. at 10. DOC maintains that Wallace has failed to establish a clear legal right to the relief he seeks because the records he attached to his Petition, *i.e.*, Exhibits A and B, reflect that DOC accurately calculated the effective date of his sentences, including his corresponding minimum and maximum sentence expiration dates.

DOC contends that, upon his return to custody, Wallace owed 795 days of backtime, which resulted in a new maximum expiration date calculation of July 30, 2019. DOC asserts that the Sentence Status Summary, marked as Wallace's Exhibit A, indicates that (1) his current sentence of five (5) to fifteen (15) years was effective on July 31, 2019, corresponding to the day after his prior sentence expired on July 20, 2019,[2] and (2) he was due 613 days of incarceration credit, from July 17, 2015 to March 20, 2017, resulting in a modified sentence effective date of November 25, 2017 for his five (5)- to fifteen (15)-year sentence at CP-9668-2015. DOC further maintains that Wallace's current sentence is correct because it corresponds to the expiration date of his prior sentence at CP-2376-2010, on July 30, 2019, less the 613 days of incarceration credit Wallace was due.

---

[2] We note that Exhibit A does not provide any information relative to a date of July 20, 2019 or allow us to discern that Wallace's "prior sentence expired on" said date.

3

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595 (Pa. Cmwlth. 1994). However, the Court is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner. *Id.* When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted. *Clark v. Beard*, 918 A.2d 155 (Pa. Cmwlth. 2007). Moreover, we have held that "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

Exhibits A and B are replete with various dates that DOC relied upon, or arrived at, in its calculation of Wallace's sentence, but it is not clear from the scant documentary evidence made available to us that DOC properly computed Wallace's sentence. At no point does DOC provide the requisite context for this Court to discern whether these dates are correct, how they were derived, or how they were to be applied in the instant sentence calculation. Critical in the analysis is knowing the date upon which Wallace was released on parole prior to his July 2015 arrest and whether the 795 days of backtime was properly determined. Although we acknowledge Wallace, himself, does not provide us with the date of his release on parole, or raise the issue of the accuracy of the 795 days, DOC leaves us with no more than its position that Wallace is wrong and that it is correct. And, in the context

4

of ruling on preliminary objections, we are not at liberty to speculate. Thus, at this stage in the proceedings, we conclude DOC has not demonstrated that Wallace cannot succeed on his claim. Accordingly, Wallace is permitted, pursuant to *Doxsey v. Cmwlth., 674 A.2d 1173 (Pa. Cmwlth. 1996)*, to seek mandamus to compel DOC to correctly calculate his sentence or to sufficiently demonstrate that it did so. While we make no determination as to the merits of Wallace's petition, at this point, we overrule DOC's preliminary objections.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alonzo Wallace,                          :
                          Petitioner     :
                                         :
        v.                               :      No. 552 M.D. 2019
                                         :
Commonwealth of Pennsylvania,            :
PA Department of Corrections,            :
                          Respondent     :

## O R D E R

**AND NOW**, this  12th  day of  May 2020, the preliminary objections filed by the Department of Corrections (DOC) are overruled.  The DOC is directed to file an answer to the petition for review in the nature of mandamus within 30 days of the date of this Order**.**

                                         _____
                                         J. ANDREW CROMPTON, Judge