IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yusef Whitehead, : 
          Petitioner : 
           : 
          v. : 
           : 
Pennsylvania Department : 
of Corrections, :   No. 747 M.D. 2018
          Respondent :   Submitted: December 9, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: May 23, 2023


      Before the Court is "Respondent's Preliminary Objection to Petition for Review" (Preliminary Objection) filed by the Commonwealth of Pennsylvania, Department of Corrections (Department) on January 3, 2019, in response to *pro se* petitioner Yusef Whitehead's (Whitehead) "Petition for Review (In the Nature of a Complaint in Mandamus)" (Petition). Whitehead challenges the calculated maximum dates and credits for time served of his prison sentences. For the reasons that follow, we sustain the Preliminary Objection.

      Whitehead is an individual incarcerated at the State Correctional Institution at Mahanoy. *See* Preliminary Objection at 1. On May 19 and 20, 1998, Whitehead pleaded guilty and was sentenced to an aggregate sentence of 17½ to 35

years of incarceration for aggravated assault[1] and rape[2] (collectively, the Previous Sentences). On October 15, 1998, while still a minor, Whitehead was sentenced for murder, conspiracy to commit murder, and four related crimes (Docket No. CP0501681).[3] Whitehead received a mandatory life sentence without the possibility of parole on the murder conviction (Murder Sentence), as well as 5- to 10-year sentences on the conspiracy to commit murder and each of the four related crimes (Murder-related Sentences). The sentencing court ordered the Murder Sentence and the Murder-related Sentences to be served concurrently to one another but consecutively to the Previous Sentences, with the exception of Count 12 of the Murder-related Sentences, a conspiracy conviction (Conspiracy Conviction), which was to be served concurrently with the Previous Sentences. Following a successful Post Conviction Relief Act[4] petition that resulted in the Murder Sentence being vacated,[5] on August 28, 2018, Whitehead was resentenced on the murder conviction to a term of incarceration of 50 years to life (New Murder Sentence), again to be served concurrently with the Murder-related Sentences, and consecutively to the Previous Sentences, again with the exception of the Conspiracy Conviction, which was to be served concurrently with the Previous Sentences.

---

[1] Docket No. CP0708691.

[2] Docket No. CP 0211571.

[3] Kidnapping, rape, robbery, and robbery of a motor vehicle. *See* Docket No. CP0501681.

[4] 42 Pa.C.S. §§ 9541-9546.

[5] Whitehead based his Post Conviction Relief Act (PCRA) petition on *Miller v. Alabama*, 567 U.S. 460 (2012), in which the United States Supreme Court determined that mandatory life without parole sentences for juvenile homicide convictions violated the Eighth Amendment of the United States Constitution, U.S. Const. amend. VIII, and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), which determined that *Miller* applies retroactively. *See* Petition at 2. The Commonwealth did not oppose Whitehead's PCRA petition. *See id.*

On November 21, 2018, Whitehead filed the Petition, in which he claims that the Department failed to properly calculate and attribute credit for time served on his sentences to which he is entitled. *See* Petition at 3-4. Specifically, Whitehead claims that he is entitled to, but did not receive, credit on the New Murder Sentence for time served from his March 27, 1997 arrest in that matter through the date of his resentencing. *See* Petition at 3. His prayer for relief asks this Court to "[e]nter judgment against the [Department] commanding it to abide by the sentencing court's order on the [Previous S]entences and award proper credit[.]" Petition at 5.

The Department filed the Preliminary Objection on January 3, 2019. The Preliminary Objection demurs to the claims of the Petition, arguing that the Department properly applied applicable credits to Whitehead's sentences, and further arguing that Whitehead has failed to establish a duty of the Department that would substantiate Whitehead's requested mandamus relief. *See generally* Preliminary Objection.

Initially, we note that:

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be

3

sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

The petition here is in the nature of mandamus, which seeks to compel the performance of a ministerial act or mandatory duty. *See Savage v. Storm*, 257 A.3d 187, 191 (Pa. Cmwlth. 2021). As this Court has explained:

> To prevail in mandamus, a petitioner must demonstrate (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) there are no other adequate and appropriate remedies at law. A mandatory duty is one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority. Mandamus is an extraordinary remedy and may not be used to establish legal rights.

*Id.* (internal quotation marks and citations omitted). "[A] writ of mandamus may be used to compel the Department [] to compute a prisoner's sentence properly." *Saunders v. Dep't of Corr.*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000). However, "this Court[] lacks the authority to compel an illegal act." *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006) (quoting *Doxsey v. Commonwealth*, 674 A.2d 1173, 1175 (Pa. Cmwlth. 1996)). Additionally, the Crimes Code[6] does not entitle individuals to double credit for time served. *See* 42 Pa.C.S. § 9760.

Under these standards and the facts of this case, Whitehead's mandamus request must fail because he has not demonstrated a clear right to relief.

---

[6] 18 Pa.C.S. §§ 101-9546.

4

The Department's "DC-16E Sentence Status Summary" (Sentence Summary) pertaining to Whitehead's convictions and sentences[7] reveals that Whitehead was already serving an aggregate sentence of 17½ to 35 years' incarceration on the Previous Sentences on October 15, 1998, the date upon which he originally received the Murder Sentence of life without the possibility of parole, which was ordered to be served consecutively to the Previous Sentences. *See* Sentence Summary at 1-3. As a result of the consecutive nature of the sentences, the Department applied the time Whitehead served prior to sentencing for the Murder Sentence toward the Previous Sentences.[8] *See id.* Thereafter, on August 28, 2018, Whitehead received the New Murder Sentence of 50 years to life, again to be served concurrently with the Murder-related Sentences and consecutive to the Previous Sentences.[9] *See id.* Based on this sentencing structure, Whitehead was not entitled to receive credit on the New Murder Sentence until the expiration of the Previous Sentences, which have not yet expired.[10] *See id.* at 3. Only once the expiration of the Previous Sentence occurs will Whitehead begin serving the 50 years to life Murder Sentence. *See id.* Therefore, Whitehead is not entitled to credit on the New Murder Sentence from March 27, 1997, as he suggests. The Department is therefore already abiding by the

---

[7] Whitehead attached partial copies of the Sentence Summary as Exhibits A and B to the Petition. *See* Petition Exhibits A & B. The Commonwealth attached a complete copy of the current Sentence Summary to the Preliminary Objection. *See* Preliminary Objection Exhibit A.

[8] Whitehead also received credit for this time on the Conspiracy Conviction, which the sentencing court had ordered to be served concurrently with the Previous Sentences. *See* Sentence Summary at 1-3.

[9] At the resentencing, the Conspiracy Conviction was ordered to be served concurrently with the Previous Sentences. *See* Sentence Summary at 2-3. Therefore, this sentence was properly identified as an "overlapping concurrent" sentence with the Previous Sentences for aggregation purposes. *See id.*

[10] The Previous Sentences are not set to expire until April 24, 2032. *See* Sentence Summary at 3.

sentencing court's ordered sentences and has correctly applied credits for time served to the sentences. Accordingly, Whitehead cannot demonstrate a clear legal right to the mandamus relief he requests.

For these reasons, we sustain the Preliminary Objection and dismiss the Petition with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yusef Whitehead, : 
           Petitioner : 
            : 
      v. : 
            : 
Pennsylvania Department : 
of Corrections, :   No. 747 M.D. 2018
           Respondent : 

## O R D E R

AND NOW, this 23rd day of May, 2023, "Respondent's Preliminary Objection to Petition for Review" filed by the Commonwealth of Pennsylvania, Department of Corrections on January 3, 2019, is SUSTAINED, and *pro se* Petitioner Yusef Whitehead's "Petition for Review (In the Nature of a Complaint in Mandamus)" is DISMISSED with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge