# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bryan Terrell,        :
    Petitioner    :
           :
   v.        :
           :
Facility Manager at SCI-Mahanoy  :
State Prison, and Office of Judicial  :
Record(s) Clerk at Criminal Justice  :
Center Courthouse – Philadelphia,  :
and Christopher Thomas, Director of, :
CMR at CFCF, Philadelphia Prison  :
System(s), and Attorney General of  :
Pennsylvania,       :  No. 95 M.D. 2020
    Respondents  :  Submitted: August 7, 2020


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: November 19, 2020


   Bryan Terrell (Terrell), an inmate currently incarcerated at the State Correctional Institution (SCI) at Mahanoy (SCI-Mahanoy), initiated this matter by filing a *pro se* petition for review (Petition) in the nature of mandamus in the Court's original jurisdiction. Terrell seeks an order compelling the Facility Manager at SCI-Mahanoy and the Office of Judicial Records[1] to credit 36½ months towards his state

---

[1] While the Petition names the "Office of Judicial Record(s) Clerk at Criminal Justice Center Courthouse – Philadelphia" as a respondent, we note that the correct name of the entity that was served and is currently represented in this matter is the Office of Judicial Records of the First Judicial District. We will henceforth refer to this respondent as the Office of Judicial Records.

sentence of 10 to 20 years for the period of time he was incarcerated prior to his state sentencing. The Facility Manager and the Office of Judicial Records[2] are separately represented and, thus, have filed separate preliminary objections to the Petition, which are now fully briefed and ripe for review. For the reasons set forth below, we sustain the Facility Manager's preliminary objections, dismiss the Petition, and dismiss the Office of Judicial Records' preliminary objections as moot.

The facts as pleaded in the Petition are as follows. On September 7, 2014, Terrell was arrested in Philadelphia County and charged with robbery and possession of a firearm. Petition (Pet.) ¶ 2. He was subsequently admitted to the hospital "til [sic] approximately, September 23, 2014," when he was released to the Philadelphia prison system. *Id.* Terrell avers that in February 2015, he was transported to the United States District Court for the Southern District of Iowa (federal court) and sentenced to 100 months' incarceration for unspecified federal charges. Pet. ¶ 4.

On October 12, 2017, Terrell entered a negotiated guilty plea[3] in the Court of Common Pleas of Philadelphia County (state court) to the robbery charge, and was sentenced to 10 to 20 years at an SCI. Pet., Exhibit (Ex.) A. The negotiated guilty plea form, which Terrell attached to the Petition, specifically notes:

The following conditions are imposed:

---

[2] We note that the certificate of service portion of the Petition fails to specify the manner in which service was effected, *see* Pet. at 15, and, as of the date of this Opinion, counsel has not entered an appearance for either Christopher Thomas or the Attorney General of Pennsylvania (Attorney General). In addition, the Petition fails to state any facts pertaining to the Attorney General and merely mentions him as a party to the action. *See* Pet. at 10.

[3] Throughout the Petition and his brief to this Court, Terrell refers to this document interchangeably as the negotiated guilty plea and the state court's sentencing order.

> Credit for time served: Credit to be calculated by the Phila[delphia] Prison System
>
> . . . .
>
> Other: This sentence is to run concurrent with Federal sentence

> This sentence shall commence on 10/12/2017.

Pet., Ex. A. At that time, Terrell also entered a negotiated guilty plea to the possession of a firearm charge, for which he received a sentence of 5 to 10 years to run concurrent with the robbery sentence. *Id.*

Terrell asserts that, despite the language in the negotiated guilty plea, he was not given credit toward his state sentence for the time he was incarcerated from September 7, 2014, to October 12, 2017. Pet. ¶ 7. Therefore, Terrell sent correspondence to various individuals and entities inquiring as to his credit status. Pet. ¶¶ 7-13. Terrell received a response from the Office of Judicial Records dated January 12, 2018, stating he should get in touch with the federal courts. Pet., Ex. B. Terrell then sent correspondence to the judge in his federal court case, who indicated that because Terrell was sentenced in federal court first, there was no discussion of a concurrent sentence. Pet. ¶ 7 and Ex. C.

Terrell avers that after sending another letter to the Office of Judicial Records, he was informed that the Office of Judicial Records is not responsible for calculating credit time and that he should direct his inquiry to Christopher Thomas (Thomas), Director at the Curran-Fromhold Correctional Facility in Philadelphia. Pet. ¶ 9 and Ex. D. Terrell subsequently submitted correspondence to Thomas, who issued a "credit time review for state inmates" form dated October 4, 2018 (Credit Time Review), denying Terrell's claim. Pet. ¶ 11 and Ex. E. The Credit Time

Review checked the line indicating, "You are not entitled to any more time," and further explained:

> Mr. Terrell—I have reviewed your claim and found you are not entitled to any credit for the above docket. The date range of 09/23/2014 to 10/11/2017 was applied to your [f]ederal [s]entence which was sentenced first.

Pet., Ex. E. Terrell also attaches to the Petition letters addressed to the state court sentencing judge and the attorney who purportedly represented him in state court, in which Terrell claims the terms of his negotiated guilty plea are not being honored as he was not given credit towards his state sentence. Pet. ¶¶ 12-14 and Exs. G & H.

Terrell claims that the Facility Manager and the Office of Judicial Records have failed and refused to honor the state court's sentencing order directing that his state sentence of 10 to 20 years run concurrent to his federal sentence of 100 months. Pet. ¶ 17. Therefore, he requests an order from this Court commanding the Facility Manager and the Office of Judicial Records to recalculate his credit for time served and apply it accordingly—essentially, to recalculate his state sentence. Pet. at 13.

As indicated above, the Facility Manager and the Office of Judicial Records filed separate preliminary objections, both in the nature of a demurrer. The Facility Manager argues that Terrell's mandamus action should be dismissed because he lacks a clear right to relief for this presentence credit where he began serving his federal sentence first; the sentencing order did not provide for specific credit, but left the calculation to the Philadelphia County prison system; and Terrell has an alternative remedy available in the form of a motion to modify his sentence or to withdraw his guilty plea *nunc pro tunc*. The Office of Judicial Records objects on grounds that the Petition does not contain any factual averments stating a valid

4

claim against it, and that this Court lacks jurisdiction over the Office of Judicial Records as Terrell's mandamus action is not ancillary to a current appeal before the Court.

In ruling on preliminary objections in the nature of a demurrer, the Court must accept as true all well-pleaded material facts and all inferences reasonably deducible therefrom. *Sanders v. Wetzel*, 223 A.3d 735, 738 (Pa. Cmwlth. 2019) (citing *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994)). However, the Court is not bound by legal conclusions, argumentative allegations, unwarranted inferences from facts, or expressions of opinion. *Sanders*, 223 A.3d at 738; *see also Dodgson v. Pa. Dep't of Corr.*, 922 A.2d 1023, 1028 (Pa. Cmwlth. 2007). We may consider documents or exhibits attached to the petition, but do not need to accept as true averments in the petition that conflict with those exhibits. *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007). In addition, we "may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner." *Sanders*, 223 A.3d at 738.

The Petition here is in the nature of mandamus, which compels the performance of a ministerial act or mandatory duty. *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014). To prevail in mandamus, a petitioner must demonstrate (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) there are no other adequate and appropriate remedies at law. *Id.*; *see also Sanders*, 223 A.3d at 739. "A mandatory duty is 'one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority.'" *Sanders*, 223 A.3d at 739 (quoting *Filippi v. Kwitowski*, 880 A.2d 711, 713 (Pa. Cmwlth. 2005)). Mandamus is an

extraordinary remedy and may not be used to establish legal rights. *Tindell*, 87 A.3d at 1034.

With this standard in mind, we turn first to the Facility Manager's preliminary objections, which assert that Terrell cannot establish the requirements for mandamus relief. As the Facility Manager acknowledges, mandamus may be used, in certain circumstances, to compel the proper computation of a petitioner's sentence. *See McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1130-31 (Pa. 2005); *Saunders v. Dep't of Corr.*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000). But mandamus cannot be used to challenge the failure to award credit when the sentencing order is either ambiguous or does not provide the specific credit at issue. *See McCray*, 872 A.2d at 1133 (sentencing order silent as to credit); *Hoyt v. Pa. Dep't of Corr.*, 79 A.3d 741, 742 (Pa. Cmwlth. 2013) (same); *see also Canfield v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 585 M.D. 2016, filed Aug. 11, 2017)[4] (sustaining preliminary objections to mandamus action where sentencing order merely stated the petitioner was to receive "credit for time served"); *Mullen v. Dep't of Corr.* (Pa. Cmwlth., No. 328 M.D. 2013, filed Jan. 30, 2014) (same).

Key to the analysis here, the sentencing order does not clearly require credit for the period of September 7, 2014, to October 12, 2017, as Terrell claims. Rather, as was the case in *Canfield* and *Mullen*, the sentencing order merely states "[c]redit for time served" without identifying any specific period of incarceration. Pet., Ex. A. The sentencing order goes on to state "[c]redit to be calculated by the Phila[delphia] Prison System." *Id.* In addition, as confirmed in the Office of Judicial Records' brief and its correspondence to Terrell, which Terrell himself attached to

---

[4] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

6

the Petition, "the Office of Judicial Records is not responsible for calculating credit time." Pet., Ex. D. *See Lawrence*, 941 A.2d at 71 (courts need not accept as true averments in the petition that conflict with the exhibits attached thereto). Finally, where a sentencing court does not give a petitioner full credit for time served, the petitioner's remedy is in the sentencing court and through the direct appeal process, not a mandamus action in this Court. *Hoyt*, 79 A.3d at 743 (citing *McCray*, 872 A.2d 1133); *see also Mullen*, slip op. at 5 (holding that where sentencing order did not unambiguously require credit petitioner was seeking, his remedy was to seek modification or clarification of the sentence from the trial court).

Given the averments in the Petition and the facts established in the documents attached thereto, it is evident that Terrell cannot meet two out of the three necessary requirements for mandamus relief—a clear right to the relief he requests and demonstrating that there are no other adequate and appropriate remedies at law. Accordingly, we sustain the preliminary objections of the Facility Manager and dismiss the Petition. The Office of Judicial Records' preliminary objections are dismissed as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bryan Terrell,                                      :
                Petitioner          :
                                                 :
         v.                                         :
                                                 :
Facility Manager at SCI-Mahanoy              :
State Prison, and Office of Judicial          :
Record(s) Clerk at Criminal Justice          :
Center Courthouse – Philadelphia,            :
and Christopher Thomas, Director of,         :
CMR at CFCF, Philadelphia Prison             :
System(s), and Attorney General of           :
Pennsylvania,                                :    No. 95 M.D. 2020
                Respondents         :

# O R D E R

AND NOW, this 19th day of November, 2020, the preliminary objections filed by the Facility Manager at SCI-Mahanoy State Prison are SUSTAINED, and the petition for writ of mandamus filed by Bryan Terrell is DISMISSED. The preliminary objections filed by the Office of Judicial Records are DISMISSED as MOOT.

                                       _____
                                       CHRISTINE FIZZANO CANNON, Judge