IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Talbert,                      :
                    Petitioner        :
                                      :
      v.                              :   No. 125 M.D. 2022
                                      :
Department of Corrections;            :
George Little,                        :
                    Respondents       :   Submitted:  October 21, 2022

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED:  March 21, 2023

      Before this Court are an Application for Summary Relief filed by Charles Talbert and a Cross-Application for Summary Relief filed by the Department of Corrections and George Little (together, DOC)[1] in this Court's original jurisdiction. Because we conclude that there are no genuine issues of material fact in dispute and DOC's right to relief is clear, we deny Mr. Talbert's Application for Summary Relief and grant DOC's Cross-Application for Summary Relief.

**Background**

      On December 18, 2019, the Philadelphia County Court of Common Pleas (Trial Court) sentenced Mr. Talbert to 29 months to 60 months' incarceration for possessing an instrument of crime, followed by a consecutive sentence of 1 to 2 years' incarceration for recklessly endangering another person. The sentencing order states in relevant part:

---

[1] Mr. Little is the former Secretary of DOC.

*Credit for time served if applicable on this case.* Sentence is consecutive to any other sentence being served. *Court recommends [State Correctional Institution (SCI)-]Waymart for mental health and drug treatment. While incarcerated[,] defendant to have anger management, drug and mental health treatment, job training.* Upon release[,] defendant to continue mental health and drug treatment, random urinalysis, seek and maintain employment, stay away from both victims. . . .

Mandamus Pet., Ex. 1 (emphasis added).

On March 23, 2022, Mr. Talbert filed a Petition for Writ of Mandamus (Mandamus Petition) in this Court's original jurisdiction, seeking to compel DOC to credit his sentence for time served and to either transfer him to SCI-Waymart for mental health treatment or release him on parole.[2]

On April 4, 2022, Mr. Talbert filed an Application for Summary Relief, asserting that he has a clear right to have DOC fully implement the sentence imposed by the Trial Court. Specifically, Mr. Talbert seeks pre-sentence time credit "from the date of arrest, up until being released on bail (59 days), [a]nd from the date of his bail being revoked, up until his sentence (344 days)." Mandamus Pet. ¶ 11. Mr. Talbert asks this Court "to fix his minimum sentence date to February 23, 2022, and[] . . . put him on the parole list." Talbert Appl. for Summ. Relief at 1. Mr. Talbert also asks this Court to direct DOC to provide him with "the anger

---

[2] A writ of mandamus is an extraordinary remedy. *Taglienti v. Dep't of Corr.*, 806 A.2d 988, 991 (Pa. Cmwlth. 2002). "This Court may only issue a writ of mandamus where the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the [respondent] possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy." *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006).

management, drug, and mental health treatment" that the Trial Court "ordered [him] to receive while in DOC custody." *Id.*; *see* Mandamus Pet. ¶ 16(B).[3]

On August 3, 2022, DOC filed a Cross-Application for Summary Relief, asserting that Mr. Talbert has failed to establish a clear right to mandamus relief. DOC asserts that the Trial Court did not direct DOC to apply the specific credit Mr. Talbert seeks. DOC also asserts that although the Trial Court recommended that Mr. Talbert be housed at SCI-Waymart, it is within DOC's discretion to determine where, and under what conditions, to house Mr. Talbert. According to DOC, the Pennsylvania Parole Board and DOC have exclusive "authority over the treatment conditions, programming, and employment aspects of [Mr. Talbert's] sentence." DOC Appl. for Summ. Relief ¶ 39.

### Analysis

Pennsylvania Rule of Appellate Procedure 1532(b) provides that "[a]t any time after the filing of a petition for review in an . . . original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). "An application for summary relief is properly evaluated according to the standards for summary judgment." *Myers v. Com.*, 128 A.3d 846, 849 (Pa. Cmwlth. 2015). In ruling on a motion for summary relief, we must view the evidence in the light most favorable to the non-moving party and may enter judgment only if: (1) there are no genuine issues of material fact; and (2) the right to relief is clear as a matter of law. *Nw. Youth Servs., Inc. v. Dep't of Pub. Welfare*, 1 A.3d 988, 990 n.1 (Pa. Cmwlth. 2010). "The record, for purposes of [a] motion for summary relief, is the same as [the] record for purposes of a motion for summary

---

[3] Mr. Talbert also previously filed an Application for Peremptory Relief and an Application for Preliminary Injunction, both of which this Court denied.

3

judgment." *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192, 195 (Pa. Cmwlth. 2015).

First, Mr. Talbert asserts that he was entitled to credit for time served and it was DOC's responsibility to figure out exactly how much time should be credited to his sentence. In response, DOC asserts that it cannot *sua sponte* apply credit to Mr. Talbert's sentence without clear direction from the sentencing court. We agree with DOC.

Here, the Trial Court's sentencing order did not identify specific dates of credit to be applied to Mr. Talbert's sentence, nor did it unambiguously award him credit. Rather, the sentencing order merely stated: "Credit for time served *if applicable on this case*." Mandamus Pet., Ex. 1 (emphasis added). Our courts have consistently denied relief to a petitioner seeking a modification or recalculation of his sentence where the sentencing order was either silent as to credit or ambiguous in stating that the petitioner should receive "credit for time served." *See, e.g.*, *McCray v. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2002) (holding that DOC had no duty to credit the petitioner's sentence for time served because the sentencing order did not indicate that he was to receive credit for time served); *Hoyt v. Dep't of Corr.*, 79 A.3d 741, 742 (Pa. Cmwlth. 2013) (sustaining DOC's preliminary objections to a mandamus petition where the sentencing order was silent as to credit); *Canfield v. Dep't of Corr.* (Pa. Cmwlth., No. 585 M.D. 2016, filed Aug. 11, 2017), slip op. at 2, 4 (sustaining DOC's preliminary objections to a mandamus petition where the sentencing order did not indicate a specific number of days for which credit should be given, merely stating that the petitioner was to receive "credit for time served as allowed by law"); *Mullen v. Dep't of Corr.* (Pa. Cmwlth., No. 328 M.D. 2013, filed Jan. 30, 2014), slip op. at 4-6 (sustaining DOC's preliminary

objections to a mandamus petition where the sentencing order did "not clearly require credit for the . . . period at issue").[4]  In *Canfield*, this Court explained:

> Mandamus is an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement *where the sentencing order clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit. It cannot be used to challenge DOC's failure to give credit where the sentencing order is either ambiguous or does not provide the credit at issue.*  The requirements for mandamus cannot be satisfied in those circumstances because there is no clear right to relief and because the inmate has an adequate and more appropriate alternative remedy of seeking modification or clarification of the sentence in the trial court.

*Canfield*, slip op. at 3-4 (emphasis added) (internal citations omitted); *see Terrell v. Facility Mgr. at SCI-Mahoney State Prison* (Pa. Cmwlth., No. 95 M.D. 2020, filed Nov. 19, 2020), slip op. at 6 ("[M]andamus cannot be used to challenge the failure to award credit when the sentencing order is either *ambiguous or does not provide the specific credit at issue*.") (emphasis added).

We agree with DOC that the sentencing order in this case was ambiguous with regard to credit.  The sentencing order did not specify an amount of credit to be applied, stating only that "credit for time served" would be given "if applicable."  As explained above, mandamus cannot be used to challenge DOC's failure to apply credit where the sentencing order is ambiguous.  Therefore, we conclude that DOC has a clear right to relief on this issue.[5]

---

[4] Pursuant to this Court's Internal Operating Procedures, unreported decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.  210 Pa. Code § 69.414(a).

[5] Our courts have held that when a sentencing court does not give an inmate full credit for time served, the appropriate remedy is to seek modification or clarification from the sentencing court or through the direct appeal process, not through a mandamus action in this Court.  *See McCray*, 872 A.2d at 1133; *Hoyt*, 79 A.3d at 743; *see also Mullen*, slip op. at 5 (holding that where

5

Second, Mr. Talbert asserts that DOC is obligated to provide him with mental health and drug treatment while he is in custody, rather than commit him to "the restrictive housing unit where his mental health has, and continues to, contrarily deteriorate without the treatment." Talbert Reply Br. at 4. Mr. Talbert avers that instead of providing him with the treatment recommended by the Trial Court, DOC "sent him to [a] maximum security prison[], in long[-]term restrictive housing, for behavior that resulted from his 'untreated' anger, drug, and mental health issues." Mandamus Pet. ¶ 19. Mr. Talbert further avers:

> [Mr. Talbert] has the following serious mental disorders: anxiety, [post-traumatic stress disorder], [attention deficit hyperactivity disorder], bipolar, paranoia schizophrenia, antisocial personality disorder, and borderline personality disorder. Instead of being treated for these conditions, . . . *DOC has established and maintained a campaign of punishing [Mr. Talbert] with more and more isolated confinement* for behavior directly related to the symptoms of his mental illness.

Talbert Br. in Support of Appl. for Prelim. Inj. at 1-2 (emphasis added). Mr. Talbert contends that by keeping him in "long[-]term isolated confinement alone," DOC has "cause[d] him to suffer permanent psychological harm." *Id.* at 4; *see also* Talbert Answer to DOC New Matter ¶¶ 16, 19-20 (averring that "keeping [Mr. Talbert] in long-term isolated confinement" continues to aggravate "his pre[]existing physical and mental health issues").

However, as this Court previously recognized, since the filing of his Mandamus Petition and Application for Summary Relief, Mr. Talbert has been transferred *out of* the restrictive housing unit at SCI-Camp Hill; he is now permanently housed at SCI-Coal Township. *Talbert v. Dep't of Corr.* (Pa. Cmwlth.,

_____

a sentencing order did not unambiguously require the credit the petitioner sought, his remedy was to seek modification or clarification of the sentence from the trial court).

No. 125 M.D. 2022, filed Oct. 18, 2022), slip op. at 2 (unpaginated). Therefore, the adverse conditions Mr. Talbert allegedly suffered while in restrictive housing at SCI-Camp Hill, which formed the basis of both his Mandamus Petition and Application for Summary Relief, no longer exist. *Id.*

Furthermore, while the sentencing court may make recommendations to DOC, DOC has the ultimate authority to determine where and under what conditions an inmate will be housed. *See* 37 Pa. Code § 93.11(a) ("An inmate does not have a right to be housed in a particular facility or in a particular area within a facility."); *Lopez v. Pa. Dep't of Corr.*, 119 A.3d 1081, 1085 (Pa. Cmwlth. 2015) ("'It is entirely a matter of [DOC's] discretion where to house an inmate.'") (citation omitted), *aff'd*, 144 A.3d 92 (Pa. 2016); *Clark v. Beard*, 918 A.2d 155, 161 (Pa. Cmwlth. 2007) ("[J]udges may not indiscriminately denominate the place a prisoner is housed[.]"). Moreover, "[m]andamus does not lie to compel [DOC] employees to exercise their discretion in a particular way, even if th[is] Court believes it has been exercised incorrectly." *Clark*, 918 A.2d at 160-61. Thus, even though the Trial Court recommended that Mr. Talbert be housed at SCI-Waymart for mental health treatment, DOC was not bound by that recommendation. Rather, DOC avers that, since Mr. Talbert has been in DOC's custody, it "has provided [him] with reasonable and appropriate mental health care" and "has recommended reasonable and appropriate programming for [him]." DOC Appl. for Summ. Relief ¶¶ 41-42.[6] There is nothing in the record to suggest that SCI-Coal Township, where Mr. Talbert is now confined, is incapable of providing the treatment he needs. Therefore, we conclude that DOC has a clear right to relief on this issue.

---

[6] According to DOC, "[Mr. Talbert] has an extensive misconduct history of refusing to obey orders and threatening [DOC] employees, sometimes with threats of physical harm, making it difficult for [DOC] employees to communicate with him." DOC Appl. for Summ. Relief ¶ 43.

7

## Conclusion

We conclude, based on our review of the record, that (1) Mr. Talbert has not established a clear right to relief, and (2) DOC has established a clear right to relief. *See* Pa.R.A.P. 1532(b). Accordingly, this Court denies Mr. Talbert's Application for Summary Relief and grants DOC's Cross-Application for Summary Relief.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Talbert,                       :
              Petitioner         :
                                  :
     v.                               : No. 125 M.D. 2022
                                    :
Department of Corrections;             :
George Little,                         :
              Respondents       :

# **O R D E R**

AND NOW, this 21st day of March, 2023, this Court hereby DENIES the Application for Summary Relief filed by Charles Talbert and GRANTS the Cross-Application for Summary Relief filed by the Department of Corrections and George Little.

                                    _____

                                    ELLEN CEISLER, Judge