IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Michael Hickox,            :
            Petitioner            :
                            :
        v.                    :
                            :
Commonwealth of Pennsylvania and  :
Pennsylvania Department of      :
Corrections,              :   No. 294 M.D. 2024
           Respondents   :   Submitted: July 7, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: August 14, 2025


Before this Court is the Commonwealth of Pennsylvania's (Commonwealth) and the Pennsylvania Department of Corrections' (DOC) (collectively, Respondents) preliminary objection (Preliminary Objection)[1] to Justin Michael Hickox's (Petitioner) Petition for Review in the nature of a Writ of Mandamus (Petition). After review, this Court sustains the Preliminary Objection and dismisses the Petition.

In April 2010, the Centre County District Attorney charged Petitioner with nine counts of Indecent Assault, one count of Simple Assault, and one count of Corruption of Minors. *See* Petition ¶ 5. The charges stemmed from the Petitioner's then eight-year-old stepson's allegation. *See* Petition ¶ 6. After a long history of

---

[1] Although Respondents title this document as Preliminary Objections, it contains only one Preliminary Objection.

motions and other pre-trial matters, Petitioner pled guilty to four counts of Indecent Assault and one count of Corruption of Minors pursuant to a plea agreement, with the sentence to be determined by the Centre County Common Pleas Court (sentencing court). *See* Petition ¶ 7. The sentencing court ultimately sentenced Petitioner to 4 to 16 years of incarceration. *See* Petition ¶ 8. Prior to sentencing, Petitioner attempted to withdraw his guilty plea, claiming his innocence, but the sentencing court denied his request. *See* Petition ¶ 9. On appeal, the Pennsylvania Superior Court vacated the sentence and remanded the matter for trial. *See* Petition ¶ 10. On the day of jury selection, June 2, 2014, Petitioner, on counsel's advice, pled guilty to all counts in the information. *See* Petition ¶ 11. The sentencing court, as a result of the plea agreement with the Centre County District Attorney, ultimately sentenced Petitioner to time served plus 16 years of probation supervised by the Centre County Probation and Parole Office. *See* Petition ¶ 12.

On December 29, 2014, Cambria County re-arrested Petitioner for failing to register under the Sex Offender Registration and Notification Act (SORNA).[2] *See* Petition ¶ 13. In July 2015, the Cambria County Common Pleas Court sentenced Petitioner to a term of three to six years of state incarceration. *See* Petition ¶ 14. Shortly thereafter, as a result of the Cambria County conviction and sentence, the sentencing court revoked Petitioner's probation and resentenced him to a term of 5 to 10 years of state incarceration on the Centre County conviction. *See* Petition ¶ 15.

Thereafter, the Pennsylvania Supreme Court ruled that SORNA's retroactive application to cases decided before its effective date violated the ex post facto clause of the Pennsylvania Constitution[3] and was, therefore, unconstitutional.[4]

---

[2] Sections 9799.10-9799.40 of the Sentencing Code, 42 Pa.C.S. §§ 9799.10-9799.40.

[3] The Pennsylvania Constitution provides, in pertinent part, "[n]o *ex post facto* law . . . shall be passed." PA. CONST. art. I, § 17.

[4] *See Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017).

2

*See* Petition ¶ 16. As a result of the Supreme Court's ruling, Petitioner filed a petition for relief under the Post Conviction Relief Act (PCRA)[5] in the Cambria County Common Pleas Court challenging his sentence. *See* Petition ¶ 17. In February and March 2024, the Cambria County Common Pleas Court vacated Petitioner's sentence and dismissed the matter. *See* Petition ¶ 18. DOC recalculated Petitioner's sentence based on the dismissal, but allegedly did so incorrectly. *See* Petition ¶ 19. DOC recalculated the sentence to reflect that the maximum sentence release date was reduced from December 29, 2030 to July 17, 2026. *See* Petition ¶ 20. DOC allegedly failed to apply any credit to the Centre County matter. *See* Petition ¶ 21. Had it done so, Petitioner's maximum sentence would have allegedly expired on December 29, 2024. *See* Petition ¶ 22.

On May 28, 2024, Petitioner filed the Petition in this Court's original jurisdiction seeking this Court to enter an order requiring Respondents to issue credit to his Centre County matter. Specifically, Petitioner is asking for time credit from December 29, 2014 forward. On June 10, 2024, Petitioner filed an application to proceed in forma pauperis, which this Court granted on June 18, 2024. On July 16, 2024, Respondents filed the Preliminary Objection seeking to have this Court dismiss the Petition for failure to state a claim upon which relief may be granted. On October 7, 2024, Respondents filed their brief in support of the Preliminary Objection.[6]

Initially,

> [i]n ruling on preliminary objections, [this Court] must "accept as true all well-pleaded material allegations in the petition for review," as well as inferences reasonably

---

[5] 42 Pa.C.S. §§ 9541-9546.

[6] On December 17, 2024, this Court issued a dormant Order for Petitioner's failure to file a brief. Because the Order was returned in the mail, this Court reissued the Order giving Petitioner until March 6, 2025, to file his brief or risk the Court proceeding without it. Petitioner did not file a brief.

deduced therefrom. *Garrison v. Dep't of Corr.*, 16 A.3d 560, 563 n.5 (Pa. Cmwlth. 2011). Th[is] Court need not accept as true conclusions of law, "unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

A preliminary objection in the nature of a demurrer admits well-pleaded facts and inferences reasonably deduced therefrom in order to test the legal sufficiency of a petition for review. *Id*. A demurrer can "be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted." *Id*.

*Robinson v. Pa. Parole Bd.*, 306 A.3d 969, 972 n.7 (Pa. Cmwlth. 2023), *aff'd*, 328 A.3d 467 (Pa. 2024).

Respondents argue that the allegations in the Petition fail to establish that DOC's calculations were incorrect in any way, and they do not satisfy the even higher bar of the extraordinary measure of a writ of mandamus. Therefore, Respondents contend that Petitioner has no clear legal right to relief as he has failed to state a claim upon which relief can be granted.

It is well-settled law that

[m]andamus is an extraordinary remedy "designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and want of any other adequate and appropriate remedy." *Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1232 (Pa. Cmwlth. 2021) (cleaned up). A petitioner may not use mandamus "to compel a purely discretionary act." *Coady v. Vaughn*, . . . 770 A.2d 287, 290 ([Pa.] 2001). "[T]he purpose of **mandamus is not to establish legal rights**, **but to enforce rights [that] are already established**." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007).

*Robinson*, 306 A.3d at 972-73 (emphasis added).

4

> Notwithstanding, mandamus is an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where **the sentencing order** clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit. However, **mandamus is not available to challenge DOC's failure to give credit where the sentencing order is either ambiguous or does not specify the credit at issue**.

*Allen v. Dep't of Corr.*, 103 A.3d 365, 370 (Pa. Cmwlth. 2014) (emphasis added).

Here, Petitioner alleged in his Petition that DOC did not calculate his Centre County sentence correctly. Specifically, he claims that credit should have been reallocated from his vacated Cambria County sentence to his Centre County sentence. However, Petitioner did not make clear in the Petition what dockets he is referring to (because none are listed), what credit he is currently receiving on which dockets, and what additional credit he is seeking. Petitioner did not attach any court orders or documentation from the vacated Cambria County sentence or any subsequent hearings reflecting any credit he was awarded on his Centre County sentence. Without sentencing orders indicating the particular credit Petitioner claims should be awarded for each criminal sentence, DOC does not have the authority to alter, adjust or change time credit dates. *See Hoyt v. Pa. Dep't of Corr.*, 79 A.3d 741, 742 (Pa. Cmwlth. 2013) ("DOC must follow the sentencing court's order."); *see also Detar v. Beard*, 898 A.2d 26, 30 (Pa. Cmwlth. 2006) ("DOC is not an adjudicative body. Rather, it is an executive branch agency charged with faithfully implementing the sentences imposed by the courts.").

Because it is not clear in the Petition what credit, if any, should have been applied to his Centre County sentence, Petitioner does not have a "clear legal right to relief" warranting mandamus. *Robinson*, 306 A.3d at 973 (quoting *Toland*, 263 A.3d at 1232). Accordingly, because Petitioner has "failed to state a claim for

5

which relief can be granted[,]" *Robinson*, 306 A.3d at 972 n.7 (quoting *Torres*, 997 A.2d at 1245), Respondents' Preliminary Objection must be sustained.

        For all of the above reasons, the Preliminary Objection is sustained and the Petition is dismissed.


                                      _____

                                      ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Michael Hickox, : 
              Petitioner : 
               : 
          v. : 
               : 
Commonwealth of Pennsylvania and : 
Pennsylvania Department of : 
Corrections, :   No. 294 M.D. 2024
              Respondents : 

## O R D E R

AND NOW, this 14th day of August, 2025, the Commonwealth of Pennsylvania's and the Pennsylvania Department of Corrections' preliminary objection to Justin Michael Hickox's Petition for Review in the nature of a Writ of Mandamus (Petition) is SUSTAINED and the Petition is DISMISSED.

_____

ANNE E. COVEY, Judge