IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luis Rodriguez,                :
         Petitioner        :
                        :
        v.             :
                        :
Laurel R. Harry, Secretary of the  :
Pennsylvania Department of    :
Corrections,            :  No. 277 M.D. 2024
        Respondent   :  Submitted: July 7, 2025

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: August 20, 2025

Before this Court are the Secretary of the Pennsylvania Department of Corrections (DOC) Laurel R. Harry's (Secretary Harry) preliminary objections (Preliminary Objections) to Luis Rodriguez's (Petitioner) Petition for Review (Petition). After review, this Court overrules Secretary Harry's first Preliminary Objection, sustains her second Preliminary Objection and dismisses the Petition.

On or about September 9, 2020, Lehigh County[1] arrested Petitioner and charged him with one count of Possession of Paraphernalia, and three counts of Manufacture/Sale/Possession with Intent to Deliver a Controlled Substance.[2] *See* Petition ¶ 4. The Pennsylvania Parole Board paroled Petitioner to an inpatient drug

---

[1] The Petition does not specify whether it was the Lehigh Township Police Department, the Allentown Police Department, or the Lehigh County Sheriff's Office that arrested him.

[2] Petitioner does not aver in the Petition on what date the Lehigh County Common Pleas Court convicted him thereof or what sentence it imposed therefor.

rehabilitation program on January 26, 2021. *See* Petition ¶ 5. On April 26, 2021, Petitioner left the inpatient program and did not return. *See id*. On November 9, 2022, Lehigh County rearrested Petitioner and charged him with one count of Manufacture/Sale/ Possession with Intent to Deliver a Controlled Substance and one count of Carrying a Firearm Without a License. *See id*. Petitioner remained in custody at the State Correctional Institution at Chester until October 30, 2023. *See* Petition ¶ 6. While incarcerated, Petitioner wrote a letter to his "counselor" seeking an updated copy of his sentence "status sheet." Petition ¶ 7. The status sheet indicated that DOC credited 355 days from November 9, 2022 to October 30, 2023, to Petitioner's case number CP0004548 CT1/2018. *See id*. DOC allegedly should have credited the time from November 9, 2022 until October 30, 2023, to his overlapping, concurrent sentences imposed for case numbers CP0002548 CT1/2020, CP0002549 CT1/2020, CP0002547 CT1/2020, CP0004057 CT5/2022, and CP0004057 CT1/2022 because he was continuously confined while these cases were pending plea agreements and sentencing. *See* Petition ¶ 8.

On May 16, 2024, Petitioner filed the Petition in this Court's original jurisdiction seeking to have this Court direct DOC to properly recognize and calculate his 355 days of total confinement time from November 9, 2022 to October 30, 2023, and apply that time to his sentences for case(s) CP0002548 CT1/2020, CP0002549 CT1/2020, CP0002547 CT1/2020, CP0004057 CT5/2022, and CP0004057 CT1/2022 according to the law. Also, on May 16, 2024, Petitioner filed an application to proceed in forma pauperis, which this Court granted on May 29, 2024. On June 27, 2024, Secretary Harry filed the Preliminary Objections. On

September 11, 2024, Secretary Harry filed her brief in support of the Preliminary Objections.[3]

> Initially,
>
> > [i]n ruling on preliminary objections, [this Court] must "accept as true all well-pleaded material allegations in the petition for review," as well as inferences reasonably deduced therefrom. *Garrison v. Dep't of Corr.*, 16 A.3d 560, 563 n.5 (Pa. Cmwlth. 2011). Th[is] Court need not accept as true conclusions of law, "unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).
> >
> > A preliminary objection in the nature of a demurrer admits well-pleaded facts and inferences reasonably deduced therefrom in order to test the legal sufficiency of a petition for review. *Id*. A demurrer can "be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted." *Id*.

*Robinson v. Pa. Parole Bd.*, 306 A.3d 969, 972 n.7 (Pa. Cmwlth. 2023), *aff'd*, 328 A.3d 467 (Pa. 2024).

Secretary Harry first argues that Petitioner failed to plead the requisite level of personal involvement against Secretary Harry because a theory of respondeat superior is not sufficient under the law. Specifically, Secretary Harry contends that personal involvement of defendants in an alleged constitutional violation is a prerequisite under Section 1983 of the United States Code (Section 1983).

---

[3] On November 19, 2024, this Court issued a dormant Order for Petitioner's failure to file a brief, giving Petitioner until December 3, 2024, to file his brief or risk the Court proceeding without it. Petitioner did not file a brief.

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any [s]tate . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. However, here, Petitioner does not mention Section 1983 in his Petition against Secretary Harry, and a Section 1983 claim cannot be implied. *See Hill v. Pa. Dep't of Corr.*, 271 A.3d 569, 573 (Pa. Cmwlth. 2022) (emphasis omitted) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) ("[T]o state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Rather, Petitioner's claim is akin to a mandamus action, as he is asking this Court to compel DOC to recalculate his maximum sentence release date to give him proper credit for all time he was incarcerated.[4] Accordingly, Secretary Harry's first Preliminary Objection is overruled.

---

[4] Mandamus is an extraordinary remedy "designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and want of any other adequate and appropriate remedy." *Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1232 (Pa. Cmwlth. 2021) (cleaned up). A petitioner may not use mandamus "to compel a purely discretionary act." *Coady v. Vaughn*, . . . 770 A.2d 287, 290 ([Pa.] 2001). "[T]**he purpose of mandamus is not to establish legal rights**, **but to enforce rights [that] are already established**." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007).

*Robinson*, 306 A.3d at 972-73 (emphasis added).

4

Secretary Harry next asserts that Petitioner failed to state a claim for which relief can be granted because Petitioner did not provide any support for his conclusory statements that he is entitled to additional credit. Specifically, Secretary Harry proclaims that when DOC calculates an inmate's sentence, it must rely on the sentencing court's orders and commitment forms.

This Court has held:

> [M]andamus is an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where **the sentencing order** clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit. However, **mandamus is not available to challenge DOC's failure to give credit where the sentencing order is either ambiguous or does not specify the credit at issue**.

*Allen v. Dep't of Corr.*, 103 A.3d 365, 370 (Pa. Cmwlth. 2014) (emphasis added; citation omitted).

Here, Petitioner alleged that the 355 days from November 9, 2022 until October 30, 2023, should be credited to the overlapping, concurrent sentences imposed for case numbers CP0002548 CT1/2020, CP0002549 CT1/2020, CP0002547 CT1/2020, CP0004057 CT5/2022, and CP0004057 CT1/2022. However, although Petitioner referenced specific docket numbers, Petitioner did not make clear what credit he is currently receiving on which dockets, nor what additional credit he is seeking. Further, Petitioner did not attach any corresponding sentencing court orders to his Petition. Without sentencing orders indicating the particular credit Petitioner claims should be awarded for each criminal docket number, DOC does not have the authority to alter, adjust, or change time credit dates. *See Hoyt v. Pa. Dep't of Corr.*, 79 A.3d 741, 742 (Pa. Cmwlth. 2013) ("DOC must follow the sentencing court's order."); *see also Detar v. Beard*, 898 A.2d 26, 30 (Pa.

5

Cmwlth. 2006) ("DOC is not an adjudicative body. Rather, it is an executive branch agency charged with faithfully implementing the sentences imposed by the courts.").

Because it is not clear in the Petition what credit, if any, should have been applied to his concurrent sentences, Petitioner does not have a "clear legal right to relief" warranting mandamus. *Robinson*, 306 A.3d at 973 (quoting *Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1232 (Pa. Cmwlth. 2021) (cleaned up)). Accordingly, because Petitioner has "failed to state a claim for which relief can be granted[,]" *Robinson*, 306 A.3d at 972 n.7 (quoting *Torres*, 997 A.2d at 1245), Secretary Harry's second Preliminary Objection must be sustained.

For all of the above reasons, Secretary Harry's first Preliminary Objection is overruled and her second Preliminary Objection is sustained. Petitioner's Petition is dismissed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luis Rodriguez, :
        Petitioner :
         :
        v. :
         :
Laurel R. Harry, Secretary of the :
Pennsylvania Department of :
Corrections, : No. 277 M.D. 2024
        Respondent :

## O R D E R

AND NOW, this 20th day of August, 2025, the Secretary of the Pennsylvania Department of Corrections Laurel R. Harry's (Secretary Harry) first preliminary objection to Luis Rodriguez's Petition for Review (Petition) is OVERRULED, Secretary Harry's second preliminary objection is SUSTAINED, and the Petition is DISMISSED.

 

 

_____

ANNE E. COVEY, Judge