IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rudolph Warthea,        :
       :
       Petitioner    :
       :
       v.        : No. 131 M.D. 2024
       : Submitted: August 8, 2025
Pennsylvania Department of    :
Corrections,        :
       :
       Respondent :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK            FILED: January 5, 2026

Before this Court, in our original jurisdiction, is the Pennsylvania Department of Corrections' (DOC) Preliminary Objection (PO) to Rudolph Warthea's (Inmate) *pro se* petition for review (PFR). Inmate seeks an order compelling DOC to apply pre-sentence credit to his 20- to 40-year sentence in relation to his conviction for third-degree murder and related offenses (third-degree murder) at case #13424-2009. For the following reasons, we sustain the DOC's PO and dismiss the PFR.

Relevant here, Inmate has been in custody since September 29, 2009, when he was arrested and charged with third-degree murder in relation to case #13424-2009. PFR ¶1. While in custody, Inmate was rearrested on October 23, 2009, and charged with robbery in an unrelated matter: case #967-2010. *Id.* ¶2. On December 16, 2010, in the Court of Common Pleas of Philadelphia County, Inmate was sentenced on the latter, unrelated robbery charge to a term of confinement

totaling 8 to 20 years. *Id.* ¶3. This sentence included credit for time served, calculated by the prison to be applied from October 23, 2009, to December 16, 2010. PO at Ex. A, Ex. B.

Inmate was sentenced in the Philadelphia County Court of Common Pleas (trial court) for his third-degree murder charge on March 28, 2011. PFR ¶5. The written judgment of sentence for the third-degree murder conviction did not provide pre-sentence credit and states that it is to run concurrently with Inmate's sentence for the unrelated robbery.[1] *Id.*, PO at Ex. C. Notably, Inmate did not receive credit for time served between September 29, 2009, to October 23, 2009.

Inmate subsequently filed an inmate grievance arguing that the sentence for robbery was calculated correctly while the sentence for third-degree murder "failed to account for any time spent in custody[,]" which, Inmate avers, DOC rejected through final review. PFR ¶¶7-9. Inmate additionally sought credit for time served from September 29, 2009, through March 28, 2011, from the Office of Classification, Movement & Registration (CMR). *Id.* ¶10. The CMR likewise determined that Inmate was not entitled to any more credit. *Id.* ¶11, Ex. A. Having failed to obtain credit through an inmate grievance or from the CMR, Inmate now asks this Court to grant mandamus relief compelling the DOC to apply credit to Inmate's third-degree murder sentence from September 29, 2009, through March 11, 2011. PFR at 3, 4.

DOC, however, filed the instant PO in response, asserting that Inmate lacks a clear right to relief to this pre-sentence credit. PO ¶24. Additionally, DOC asserts that it possesses a duty to implement the court sentencing order *as is* without

___

[1] Inmate was also sentenced in relation to case #15788-2009 on March 28, 2011, for 5 to 10 years to run concurrent to case #13424-2009. *See* PO ¶8, Ex. D. The sentence for case #15788-2009 is not at issue here.

2

altering the credit provision or awarding additional credit. *Id.* ¶27 (citing *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127 (Pa. 2005)). Finally, even if Inmate is entitled to the application of credit, DOC contends Inmate has an alternative remedy: Inmate can file a motion to modify sentence or withdraw his guilty plea *nunc pro tunc* if he feels he did not get the benefit of his negotiated plea bargain. *Id.* ¶¶30-31 (citing *Fajohn v. Commonwealth of Pennsylvania,* 692 A.2d 1067 (Pa. 1997)). We agree.

Initially, we note:

> In ruling on [POs], we must accept as true all well-pleaded material allegations in the [PFR], as well as all inferences reasonably deduced therefrom. [*Meier v. Maleski,* 648 A.2d 595, 600 (Pa. Cmwlth. 1994)]. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* In order to sustain [POs], it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*
>
> A [PO] in the nature of a demurrer admits every well-pleaded fact in the [PFR] and all inferences reasonably deducible therefrom. *Clark v. Beard,* 918 A.2d 155 (Pa. Cmwlth. 2007). It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. *Id.* When ruling on a demurrer, a court must confine its analysis to the [PFR]. *Id.*

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

Additionally, as this Court has explained:

> Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty. *McCray*[, 872 A.2d at 1131]; *Black v. Pennsylvania Department of Corrections*, 889 A.2d 672, 674 n.3 (Pa.

3

Cmwlth. 2005). It is well established that mandamus is available only where the plaintiff or petitioner has a clear legal right to the relief requested, the defendant or respondent has a corresponding duty to perform the requested act, and there is no other appropriate and adequate remedy. *McCray*, 872 A.2d at 1131; *Hoyt v. Pennsylvania Department of Corrections*, 79 A.3d 741, 742 (Pa. Cmwlth. 2013); *Black*, 889 A.2d at 674 n.3; *Saunders v. Department of Corrections*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000).

Mandamus is an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit. *Oakman v. Pennsylvania Department of Corrections*, 903 A.2d 106, 108-09 (Pa. Cmwlth. 2006); *Black*, 889 A.2d at 677; *Saunders*, 749 A.2d at 556. It cannot be used to challenge DOC's failure to give credit where the sentencing order is either ambiguous or does not provide the credit at issue. *McCray*, 872 A.2d at 1132-33; *Hoyt*, 79 A.3d at 742-43; *Black*, 889 A.2d at 677; *Saunders* 749 A.2d at 556. The requirements for mandamus cannot be satisfied in those circumstances because there is no clear right to relief and because the inmate has an adequate and more appropriate alternative remedy of seeking modification or clarification of the sentence in the trial court. *McCray*, 872 A.2d at 1132-33; *Hoyt*, 79 A.3d at 742-43; *Black*, 889 A.2d at 677; *Saunders*, 749 A.2d at 556.

*Canfield v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 585 M.D. 2016, filed Aug. 11, 2017), slip op. at 3-4; *see also Mullen v. Department of Corrections* (Pa. Cmwlth., No. 328 M.D. 2013, filed Jan. 30, 2014), slip op. at 3-4 (same).[2]

---

[2] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

The exhibits in the PO establish that Inmate cannot satisfy the requirements for mandamus. Because the pertinent written judgments of sentence do not provide for pre-sentence credit, Claimant does not possess a clear right to mandamus relief. *McCray*, 872 A.2d at 1133; *Hoyt*, 79 A.3d at 742. The DOC likewise has no corresponding duty to apply any pre-sentence credit. *Cf. Foxe v. Department of Corrections*, 214 A.3d 308, 311-15 (Pa. Cmwlth. 2019) (Petitioner possessed a clear right to time previously served *as reflected in the sentencing order* and DOC possessed a corresponding duty to compute the petitioner's sentence accordingly). In fact, the DOC "lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray*, 872 A.2d at 1133; *see also Kwaha v. Department of Corrections*, 264 A.3d 832 (Pa. Cmwlth. 2021) (when a sentencing court does not unambiguously provide for the specific time credit to be received by a petitioner, it is proper to dismiss mandamus relief that seeks an award of time credit from the DOC).

To the extent that Inmate has made a compelling case that he may be entitled to pre-sentence credit, there is an adequate and more appropriate remedy elsewhere: modification or clarification of the sentence in the trial court. *McCray*, 872 A.2d at 1130; *Hoyt*, 79 A.3d at 742; *Black*, 889 A.2d at 674 n.3; *Aviles v. Pennsylvania Department of Corrections*, 875 A.2d 1209, 1211 (Pa. Cmwlth. 2005)

. Accordingly, we sustain DOC's PO and dismiss the PFR.

_____
MICHAEL H. WOJCIK, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rudolph Warthea,                          :
                                          :
                    Petitioner            :
                                          :
        v.                                : No. 131 M.D. 2024
                                          :
Pennsylvania Department of                :
Corrections,                              :
                                          :
                    Respondent :


# **O R D E R**


AND NOW, this 5<u>th</u>  day of <u>January</u>, 2026, the Pennsylvania Department of Corrections' Preliminary Objection in the nature of a demurrer is **SUSTAINED**, and the petition for review filed by Rudolph Warthea is **DISMISSED**.


_____
MICHAEL H. WOJCIK, Judge